## JOHN L. MELBERG v. WILD RICE LUMBER COMPANY.[1]

May 29, 1914.

Nos. 18,452—(63).

**Negligence — finding not sustained by evidence.**

The evidence in this case is insufficient to sustain a finding that the driver of a team was negligent in permitting them to get beyond his control or in failing to direct their course so as to avoid collision with plaintiff.

Action in the district court for Norman county to recover $7,500 for personal injury and $125 for injury to one of plaintiff's horses.

[1] Reported in 147 N. W. 427.

---

Note.—On the question of the duty of a driver to guard against persons coming in contact with sides or rear of vehicle, see note in 36 L.R.A.(N.S.) 1094.

The case was tried before Grindeland, J., who granted defendant's motion to dismiss the action as to the second cause of action and denied its motion to return a directed verdict and a jury which returned a verdict for $1,000 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Lind, Ueland & Jerome,* for appellant.

*Christian G. Dosland,* for respondent.

PER CURIAM.

On June 4, 1912, plaintiff was driving a team hitched to a load of sand, on a public road near Ada, Minnesota. One Klug, defendant's hired man, was approaching from behind with a team hitched to a lumber wagon with an empty hay rack. When Klug was within 40 or 50 rods of plaintiff his team became unmanageable. They collided with plaintiff and injured him. Plaintiff had a verdict. It is claimed that the evidence does not sustain the verdict.

Plaintiff claims negligence in two particulars: First, in suffering the team to become unmanageable,—and second, in failing to avoid collision with plaintiff after they became so. No one saw the team start to run, except Klug, who testified as a witness for defendant. His account is as follows:

"There was a big piece of paper lying there and that flew up and the colt got scared and he jumped up, and at the same time he jumped he throwed his head over the mare and my outside (right) line from the colt got ketched on the mare's hames, and the line was twisted around * * * and the line couldn't slip out and I tried to pull all I could and I seen this team ahead of me and tried to get off ahead but couldn't. I pulled to one side and I pulled the mare's line so I pulled the bit out of the mouth and I couldn't handle the team either way and couldn't drive to the right or left. * * * I always thought that he would hear the racket and turn out, but he didn't, and when I was ten rods from him I started to holler * * * he never turned around or anything and I hollered all I could that he should get out of the road, and he didn't, and as soon as I came close up to his wagon then I pulled all I could to the right hand side and I didn't

get far enough away so that the mare she jumped with her front feet and one hind foot in the box and the other hind foot and front foot was outside of the box."

There is very little other testimony bearing upon the driver's management of the team. The majority of the court are of the opinion that the evidence is insufficient to sustain a finding that the driver was negligent, either in suffering the team to get beyond his control or in failing to direct their course so as to avoid collision with plaintiff. We do not, however, consider it a case where judgment should be ordered. The order is accordingly reversed and a new trial granted.