## JOHN F. MELBERG v. WILD RICE LUMBER COMPANY.[1]

November 6, 1914.

Nos. 18,671—(36).

**Negligence — finding not sustained by evidence.**

The evidence was insufficient to sustain a finding that the driver of a team was negligent in permitting them to get beyond his control or in failing to direct their course so as to avoid collision with plaintiff. [Reporter.]

Action in the district court for Norman county to recover $5,000 for personal injury received by plaintiff's minor son through defendant's negligence. The case was tried before Grindeland, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $600 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed with directions to enter judgment for defendant.

*Lind, Ueland & Jerome,* for appellant.

*Christian G. Dosland,* for respondent.

PER CURIAM.

Action to recover damages alleged to have been sustained by plaintiff's minor

[1] Reported in 149 N. W. 1069.

son through defendant's negligence. Plaintiff had a verdict and defendant appealed from the denial of its alternative motion.

The injuries complained of were claimed to have been caused by the same runaway accident involved in plaintiff's case against this defendant, reported in 125 Minn. 469, 147 N. W. 427. The present case was tried at a term subsequent to the trial of that case, but before the decision of this court therein. The negligence charged was that the team were runaways, which defendant, with knowledge of that vice, permitted to be driven on the public highway in charge of an incompetent driver. On the trial, however, the occurrence was inquired into with particularity, and each party offered evidence regarding the driver's management of the horses from the time they started to run until the accident. The instructions were to the effect that the evidence failed to establish the stated negligence, but, as we construe them, they also submitted as the sole question of negligence whether the driver could have avoided the accident by the exercise of due care while the horses were running away. On the trial defendant excepted to the giving of this portion of the instructions, on the ground that no such negligence was alleged, and argues that therefore this issue should not have been submitted. In refutation, plaintiff contends that the matter was fully litigated and the defect is one remediable by amendment.

However, if the evidence was insufficient to sustain a finding in this regard, these questions are clearly immaterial. True it is, testimony was given by witnesses not called on the former trial, but it was of slight, if any, consequence, except as bearing on the issues disposed of by the court adversely to plaintiff; and while the driver was more fully examined and, to some extent, contradicted his former testimony in matters of detail, the evidence was substantially the same on both trials.

We are unable to sustain the verdict either on the theory, suggested by plaintiff, that the jury may have believed the driver guided the horses against plaintiff's wagon in order to stop them, or on any other, or to differentiate the case as to liability from the former.

There being no probability of making a stronger case, the order is reversed, with directions to enter judgment for defendant notwithstanding the verdict.